UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

IGNATIOS MORGAN, on his own behalf and
on behalf of others similarly situated,

    Plaintiff,

vs.

SFILATINO LLC, a Florida limited liability
company, and ANGELO QUAGLINI, an
individual,

    Defendants.

_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff IGNATIOS MORGAN, on his own behalf and on behalf of those similarly situated (together, "Plaintiff"), who was an employee of Defendants SFILATINO LLC, a Florida limited liability company and ANGELO QUAGLINI, an individual (together, "Defendants"), and brings this action for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* and 29 U.S.C. § 531.35 (hereinafter, the "Act" or "FLSA"), and declaration of rights.

### I. JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurants are situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. This Court has original jurisdiction over Plaintiff's federal question claims.

## II. PARTIES

3. Plaintiff IGNATIOS MORGAN ("MORGAN") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consents to participate in this lawsuit.

4. Plaintiff MORGAN and the proposed class members were subjected to similar violations of the FLSA for the three years preceding the filing of this lawsuit ("Relevant Time Period"). The proposed class sought to be certified under 29 U.S.C. § 216(b) ("Class") is defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, were not compensated by Defendants for all hours worked, and were forced to share their tips with employees who do not customarily and regularly receive tips.

5. The precise size and identity of the Class can be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

6. Defendant SFILATINO LLC d/b/a Pane & Vino ("SFILATINO") is a Florida limited liability company that owns and operates the Pane & Vino Restaurant where Plaintiff was employed as a server, located in Miami Beach, Miami-Dade County, Florida.

7. Defendant ANGELO QUAGLINI ("QUAGLINI"), an individual and *sui juris*, is a manager and owner of SFILATINO. QUAGLINI acted directly and indirectly in the interest of SFILATINO. QUAGLINI frequented the Pane & Vino restaurant and had the power to direct employees' actions. QUAGLINI had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees of SFILATINO in accordance with the FLSA, making Defendant ANGELO QUAGLINI an employer pursuant to 29 USC § 203(d).

### III.  FLSA COVERAGE

8. During the all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that they were engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

10. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.  FACTUAL ALLEGATIONS

11. Defendants operate a restaurant named Pane & Vino, in Miami-Dade County, located at 1450 Washington Avenue, Miami Beach, Florida.

12. Plaintiff worked as a server for Defendants from April, 2014, approximately, to April, 2016, approximately. During his employment, Plaintiff took an estimated six month unpaid leave, and is not seeking damages for that period of leave.

13. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, and $8.05 per hour in both 2015 and 2016.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

14. During the Relevant Time Period, the applicable Florida overtime wage was $11.895 per hour in 2014, and $12.075 per hour in both 2015 and 2016.

15. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. The burden is on the employer to prove they are entitled to apply the tip credit.

16. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

17. Tips are the property of the person receiving them.

18. In the instant case, Plaintiff and those similarly situated worked as servers and were required to kick-back a portion of their tips to non-tipped employees, including managers and owners, in an illegal tip-sharing scheme in violation of the Act.

19. Wages "cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. 531.35.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

20. Plaintiff and Class were required to kick-back a portion of their tips directly or indirectly to the Defendants such as owners, and to others for the Defendants' benefit, such as managers, thereby lowering Class Members' wages, free and clear, below the tipped-employee minimum and overtime wage rate.

21. Defendants failed to give Plaintiff and those similarly situated proper notice of the tip credit provisions of 29 U.S.C. 203(m).

22. As a result of the illegal tip-sharing scheme, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Class Members' tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff, and those similarly situated, the full applicable minimum and overtime wage for all hours worked.

23. In addition to the illegal tip-sharing scheme, Defendants "shaved" hours from Plaintiff, and those similarly situated, and did not pay all compensable hours worked, both minimum wage and overtime wage.

24. As a result of Defendants having shaved compensable hours, Plaintiff, and those similarly situated, are entitled to the full minimum wage for each regular hour worked and not paid, and the full overtime wage of one and one-half times regular pay for each overtime hour worked and not paid.

25. Because of the shaving of regular and overtime hours worked, along with the institution and maintenance of the illegal tip-sharing scheme during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and those similarly situated the applicable minimum and overtime wage under the FLSA.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

28. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

29. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the plaintiffs are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage plaintiffs *may*—the ultimate decision rests largely within the district court's discretion—not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

30. Plaintiff and those similarly situated performed the same or similar jobs as one and another in that they were employed as servers in Defendants' restaurant.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

31. Plaintiff and those similarly situated were subjected to similar pay provisions in that Defendants routinely did not pay servers minimum and overtime compensation for all hours worked.

32. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced servers to share kick-back a portion of their tips directly or indirectly to Defendants or to others for Defendants' benefit.

33. These policies or practices were applicable to Plaintiff and members of the Class. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices, which resulted in the non-payment of minimum wages and overtime wages to Plaintiff, also apply to all members of the Class. Accordingly, members of the collective action are properly defined as:

    > All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, were not compensated by Defendants for all hours worked, and were forced to share their tips with employees who do not customarily and regularly receive tips during the Relevant Time Period.

34. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay regular and overtime compensation with respect to Plaintiff and members of the collective action.

36. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal kick-back

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

scheme, in which a portion of their tips were shared with non-tipped employees such as manager(s) and owner(s).

37. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the minimum wage rate for all hours worked up to forty per workweek and at the overtime rate of time-and-one-half for all hours worked in excess of 40 hours in a work week.

38. Defendants failed to keep accurate time and pay records for Plaintiff, and those similarly situated, pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

39. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.***

40. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

41. Defendants willfully and intentionally refused to pay Plaintiff, and those similarly situated, the Florida minimum wage for all hours worked up to forty per workweek during the Relevant Time Period, in violation of 29 U.S.C. § 206(a)(1).

42. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal kick-back scheme in which servers shared their tips with non-tipped employees such as manager(s) and owner(s).

43. As a direct and proximate result of Defendants' nonpayment of minimum wages, and by forcing Plaintiff and those similarly situated to kick-back a portion of their tips to non-tipped employees, Plaintiff and Class have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff IGNATIOS MORGAN, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked up to forty per workweek at the full Florida minimum wage;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty per workweek at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.*

44. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

45. Defendants willfully and intentionally refused to pay Plaintiff, and those similarly situated, the applicable overtime wage for all hours worked in excess of forty per workweek during the Relevant Time Period, in violation of 29 U.S.C. § 206(a)(1).

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

46. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal kick-back scheme in which servers shared their tips with non-tipped employees such as manager(s) and owner(s).

47. As a direct and proximate result of Defendants' nonpayment of the applicable overtime wage for all hours worked in excess of forty per workweek, and by forcing Plaintiff and Class to kick-back a portion of their tips to non-tipped employees, Plaintiff and Class have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff IGNATIOS MORGAN, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty per workweek at one-and-a-half times the Florida minimum wage;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked in excess of forty per workweek at one-and-a-half times the Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
### DECLARATION OF RIGHTS

48. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

49. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

also had jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

50. Defendants did not rely on a good faith defense in not paying Plaintiff, and those similarly situated, the applicable minimum wage, both regular and overtime, under the FLSA.

51. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

52. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

**WHEREFORE** Plaintiff IGNATIOS MORGAN, on behalf of himself and those similarly situated,, demands the entry of judgment in his favor and against Defendants SFILATINO LLC, and ANGELO QUAGLINI, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 24th day of March, 2017.

Respectfully Submitted,

**/s/Robert W. Brock II, Esq.**
Robert W. Brock II

11

Fla. Bar No.:075320
*Law Office of Lowell J. Kuvin*
Robert@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:   305.358.6800
Fax:    305.358.6808
*Attorney for Plaintiff*

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808